Tubxby, J.
delivered the opinion of the court.
The facts of this case are as follows: In the year 1833, John Catron, one of the defendants, sold to Felix Catron and G. F. Napier, his iron works, in Lawrence county, for $18,000, reserving a lien thereon for the purchase money.
Felix Catron and George F. Napier, on the 2d day of August, 1834, entered into partnership for carrying on the iron business át said works, for the term of three years and eleven months, which expired by lapse of time on the 2d day of July, 1838. By the provisions of the articles of partnership, under seal, the parties were mutually authorised to make contracts for the interest of the partnership, either with or without seal. At the expiration of the partnership, the firm was indebted to the Union Bank of Tennessee» the sum of $6,828, for which John Catron was responsible as endorser. On the 17th of July, 1838, John Catron being desirous of being released as endorser, procured Elias W. Napier, the complainant, to substitute himself in his stead, by agreeing to release the lien he had for the purchase money, upon the iron works, so that Felix Catron and George F. Napier might be enabled to secure him against loss as their endorser, by a deed of trust upon the property. This was done; Catron released his lien, and a deed of trust was executed by George F. Napier, in the name of the firm, on the 17th July, 1838, to E. W. Napier, for the purpose specified.
The paper thus endorsed by E. W. Napier, was dishonored and taken up by him, and this bill is now filed, to subject the property to the payment of the debt. This is resisted as to half of the estate, upon the ground, that G. F. Napier had no legal power to convey it, it being the property of his co-partner. The proof in the case shows, that on the 6th of July, 1333, four days after the expiration of the partnership, the partners agreed in writing, that for the purpose of winding up the business of Catron & Napier, their partnership should be continued, which agreement is lost. And it is now ai'gued for the complainant, that in as much, as by the original articles of partnership, the partners were authorised to make contracts for the benefit of the firm, either with or without seal; and in as much as this partnership was continued for particular purposes,'by the jreemcnt of the 6th July, 1838, all the stipulations *536 and powers of the original articles were continued; and, therefore, that George F. Napier had au thority to convey in the name of the firm, the whole estate. This argument is ingenious, but not satisfactory. For without stopping to enquire, whether the power in the articles of partnership, to make contracts for the benefit of the firm, either with or without seal, would authorise one of the firm to convey lands bought before the formation of the partnership, and held as tenants in common, we unhesitatingly sa.y, that such a power expires with the partnership, and cannot be renewed by implication, but only by express authority.
It has been invariably held, in fact it is not denied, that one partner has no power to bind his co-partner by deed, unless he be expressly empowered to do so by deed, (1st Yerg. 26, 31: 1st Humphreys, 113,) and that this power cannot be proven by parol. This power may be given in the articles of partnership, by separate deed, or by a power of attorney, but it is still a power, and not a stipulation of the partnership. Had the power, in the present case, been by separate deed, we appi'ehend, it would not have been insisted on, that a continuation of the partnership continued the power. We cannot see, that its being in the articles, can make any difference; it has nothing to do with the contract of partnership, but is merely intended, as a mutual warrant of the use of each other’s name, in a way not recognized by the laws of partnership, without such warrant. Suppose this warrant given by the articles to a third person, would a renewal of the partnership have continued it? Surely not. But we are referred to a case from 17th Sergeant & Rawl. 165, Miflin vs. Smith. Of that case, we have to say,
1st. If it were as loosely considered, as it is reported, it would be of but little authority.
But 2nd. We do not think it interferes with the position assumed in this case. It holds, that though a partnership may terminate by lapse of time, yet it may be continued by express or tacit consent, and in such a case, the stipulations and restrictions of the original articles, would be considered as those of the continuing partnership.
It is seen, that we hold the power of one partner to bind another by deed, is neither a stipulation nor a restriction of the partnership.
The result of this view of the case, is, that the complainant is entitled to have one-half of the premises sold for the payment of his *537 debt, that having acquired no right by the deed of trust to the legal estate of the half owned by Felix Catron, he has no power to enquire whether John Catron has any equity thereon, for the payment of his purchase money.
Let the decree of the chancellor be affirmed.